costs. No opinion. Gulotta, P. J., Christ, Brennan and Benjamin, JJ., concur.

■    In the Matter of ANTHONY FAILLA et al., Respondents, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, Appellants.— Judgment of the Supreme Court, Kings County, entered August 16, 1974, affirmed, without costs. No opinion. Latham, Acting P. J., Shapiro, Cohalan and Munder, JJ., concur.

## (August 21, 1974)

■    In the Matter of MARGARET R. HAYDEN, Respondent, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, Appellants.— Judgment of the Supreme Court, Kings County, dated August 19, 1974, affirmed, without costs. In view of the failure of petitioner to produce the transcript of the record upon which she relies for reversal, we have no alternative but to accept the findings of the trial court. Latham, Acting P. J., Shapiro, Cohalan and Munder, JJ., concur.

■    In the Matter of BEN LIEBLEIN et al., Respondents, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, Appellants.— Judgment of the Supreme Court, Queens County, dated August 14, 1974, affirmed, without costs. Gulotta, P. J., Christ and Brennan, JJ., concur; Christ and Brennan, JJ., vote to affirm on constraint of the decision in *Matter of Lutfy* v. *Gangemi* (45 A D 2d 939). Benjamin, J., dissents and votes to reverse and declare the designating petitions invalid for the reasons set forth in his dissent in *Matter of Lutfy* v. *Gangemi* (45 A D 2d 939).

■    In the Matter of LESLIE M. RABINOWITZ et al., Respondents, v. JACK C. BROWN et al., Appellants.— Judgment of the Supreme Court, Kings County, dated August 16, 1974, reversed, on the law, without costs, and determination of the Board of Elections declaring the designating petition of Carmen 'Gonsalez valid, reinstated. We find that all the evidence, particularly the official card of the Board of Elections which was received in evidence as an exhibit, establishes that Carmen Gonsalez was a registered voter qualified to run for the position of State Committeeman in the 40th Assembly District. Latham, Acting P. J., Shapiro, Cohalan and Munder, JJ., concur.

■    In the Matter of DANTE C. SENISE et al., Appellants, v. HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment of the Supreme Court, Queens County, dated August 12, 1974, reversed, on the law, without costs, and matter remitted to Special Term for a hearing forthwith to determine whether there was submitted a supplemental cover sheet which referred specifically to the delegates to the Judicial Convention in compliance with subdivision 3 of section 136 of the Election Law. Gulotta, P. J., Christ, Brennan and Benjamin, JJ., concur.

■    In the Matter of LEWIS R. STERLER, Respondent, v. HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Appellants. — Judgment of the Supreme Court, Kings County, entered August 16, 1974, affirmed, without costs. Petitioner filed a designating petition as a candidate of the Democratic Party for the position of Member of Assembly, 43rd Assembly District. At issue is the question whether his residence in the 45th Assembly District bars such candidacy. As here applicable, section 7 of article III of the State Constitution provides: " No person shall serve as a member of the legislature unless he or she is a citizen of the United States and has been a resident of the state of New York for five years, and, except as hereinafter otherwise prescribed, of the assembly or senate district for the twelve months

immediately preceding his or her election; *if elected a senator or member of assembly at the first election next ensuing after a readjustment or alteration of the senate or assembly districts becomes effective, a person, to be eligible to serve as such, must have been a resident of the county in which the senate or assembly district is contained for the twelve months immediately preceding his or her election.*" (Emphasis supplied.) Effective January 14, 1972, the Legislature passed the Reapportionment Act of 1972 (L. 1972, ch. 11), which set forth new lines for all of the seats in the State Senate and Assembly. That act was held constitutionally valid by the Court of Appeals (*Matter of Schneider* v. *Rockefeller,* 31 N Y 2d 420). Thereafter, and as a result of litigation in the Federal courts, a previously granted exemption of New York, Bronx and Kings Counties from the requirements of the Voting Rights Act of 1965 (U. S. Code, tit. 42, § 1973 *et seq.*) was rescinded. The Federal statute (U. S. Code, tit. 42, § 1973–c) provides that, when a State or political subdivision to which the Voting Rights Act of 1965 applies shall seek to administer any voting procedure different from that in force or effect on November 1, 1968, such State or subdivision may seek a declaratory judgment from the United States District Court for the District of Columbia that its procedure does not violate the said act (with no person to be denied the right to vote under such procedure until the District Court enters such judgment), unless the Attorney-General has not filed an objection to such procedure within 60 days of submission to him of such procedure. Following the rescission of the exemptions, the Justice Department, on April 1, 1974, objected, so far as is here relevant, to four Assembly Districts in Kings County on the ground that their lines had a racially discriminating effect. At an Extraordinary Session of the Legislature, the Reapportionment Compliance Act was passed (L. 1974, ch. 588), effective May 29, 1974. In that act, the internal lines of 12 Assembly Districts in Kings County were changed to comply with the objections of the Department of Justice to the lines of the four districts. However, the lines of the 43rd and 45th Assembly Districts were not altered. The petitioner has concededly been a resident of the 45th Assembly District since 1972. The question, therefore, is whether the 1972 lines, insofar as they pertain to the 43rd Assembly District, became effective in 1972 or 1974. We are of the view that the assembly district lines *finally* became effective in 1974, thus permitting any resident of the County of Kings who otherwise qualifies (no matter in which assembly district he resided) to run for Member of Assembly from the 43rd Assembly District. In view of the revocation of the exemption of New York, Bronx and Kings Counties from the ambit of the Voting Rights Act of 1965, the 1972 lines of the 43rd Assembly District did not become effective until their approval by the Department of Justice by reason of its 1974 failure to object to those lines within 60 days of submission of the Reapportionment Act of 1972 to the Attorney-General. To rule otherwise, would result in the anomolous situation that a resident of one of the 12 changed assembly districts who had never resided within what is now the 43rd Assembly District could run for the position of Member of Assembly from the 43rd Assembly District, but a resident of an unaltered district could not so run unless he resided in the 43rd Assembly District. Latham, Shapiro and Munder, JJ., concur; Gulotta, P. J., and Benjamin, J., dissent and vote to reverse and declare the designating petition of petitioner invalid, with the following memorandum: The constitutional provision (art. III, § 7) which makes it possible for persons residing in reapportioned districts to run in any district in the county for public office at the election following reapportionment is intended to help dislocated candidates and incumbent office holders to find a new constituency and a new residence

within the county. It is not intended to affect the constitutional provision with respect to residence within a legislative district when such districts have not been affected by the reapportionment. In this case the boundaries of neither the 43rd nor the 45th Assembly Districts have been altered. Concededly, the candidate has always been a resident of the 45th Assembly District and, therefore, is not eligible to run in the 43rd Assembly District for the office of Member of Assembly.